*222 ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM
| T The instant disciplinary proceeding arises from a motion and rule to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Channing J. Warner, for his alleged failure to comply with the conditions of probation imposed in In re: Warner, 14-1060 (La. 6/20/14), 140 So.3d 1164 (“Warner I”).
UNDERLYING FACTS AND PROCEDURAL HISTORY
The record in Warner I demonstrated that respondent neglected a legal matter, failed to communicate with a client, commingled client funds, and failed to promptly deliver settlement funds to a client. Prior to the institution of formal charges, respondent and the ODC submitted a joint petition for consent discipline, proposing that respondent be suspended from the practice of law for one year and one day, fully deferred, subject to a two-year period of supervised probation with conditions. On June 20, 2014, we accepted the petition for consent discipline in Warner I. Our order stated in pertinent part as follows:
IT IS ORDERED that the Petition for Consent Discipline be accepted and that Channing J. Warner, Louisiana Bar Roll number 29017, be suspended from the practice of law for a period of one year and one day. This suspension shall be deferred in its entirety, subject to respondent’s successful completion of a two-year period of supervised probation governed by the conditions set forth in the petition for consent discipline. The probationary period shall commence from the date [¡respondent, the ODC, and the probation monitor execute a formal probation plan. Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. [Emphasis added.]
On August 4, 2014, respondent executed a formal probation agreement with the ODC. Among other things, the agreement required him to:
1. Promptly respond to all requests by and make himself reasonably available for conferences with the ODC;
2. Comply with all bar membership requirements;
3. On a semiannual basis, submit to the ODC a professional activities report detailing the nature of his law practice;
4. On a quarterly basis and at his expense, have his trust account audited by a CPA approved by the ODC, instruct his CPA to perform the procedures outlined in the ODC’s Trust Audit Program as part of the quarterly audits, and instruct and authorize his CPA to submit audit reports and related documents to the ODC within thirty days after the end of each quarter;
5. Pay all costs and expenses associated with Warner I prior to the expiration of the probationary period; and
6. Acknowledge that any violation of the Rules of Professional Conduct and/or this probation agreement may result in summary revocation of his probation and making the deferred suspension executory and/or may result in the imposition of additional discipline as appropriate.
DISCIPLINARY PROCEEDINGS

Motion and Rule to Revoke Probation

On January 18, 2017, the ODC filed the instant motion and rule to revoke respon *223 dent’s probation, alleging that he had failed to comply with the conditions of | ¡¡his probation in Warner I. Essentially, the ODC alleged that respondent consistently failed to make himself accessible to the ODC, whether via letters, e-mails, or telephone calls. Respondent was also declared ineligible to practice law several times during his probationary period—between September 9, 2014 and November 12, 2014, he was ineligible for failing to pay bar dues and the disciplinary assessment and failing to register his trust account information; between September 9, 2015 and September 23, 2015, he was ineligible for again failing to pay bar dues and the disciplinary assessment; between June 3, 2016 and July 15, 2016, he was ineligible for failing to fulfill mandatory continuing legal education requirements; and between September 9,2016 and September 23, 2016, he was ineligible for failing to register his trust account information. Additionally, respondent failed to submit semiannual professional activities reports and quarterly reports of his trust account. He also failed to pay any of the disciplinary costs (totaling $1,943.95 as of November 21, 2016) associated with Warner I.
Finally, during respondent’s probationary period, two of his clients filed disciplinary complaints against him. The ODC’s investigation into one of the complaints revealed that a client gave respondent $250 in cash for court costs, and respondent failed to place these funds into his trust account as required by Rule 1.5(f)(4) of the Rules of Professional Conduct. The ODC’s investigation further revealed that respondent is unable to account for the funds. Additionally, respondent allegedly represented the client during the two periods of time in 2016 that he was ineligible to practice law.
Accordingly, the ODC prayed for revocation of respondent’s probation and the imposition of the previously deferred one year and one day suspension.
This matter was originally scheduled for an evidentiary hearing before an adjudicative panel of the disciplinary board on February 16, 2017. However, on February 15, 2017, the parties filed a joint motion to revoke respondent’s probation Land to impose the previously-deferred suspension. In the motion, respondent acknowledged that he cannot successfully defend against the ODC’s allegations and, thus, consented to the revocation of his probation and the imposition of the previously-deferred suspension.

Disciplinary Board Recommendation

On February 23, 2017, the disciplinary board filed its report with this court, recommending that the ODC’s motion to revoke probation be granted in light of the evidence in the record and respondent’s consent to the revocation. The board also recommended that the deferred one year and one day suspension imposed in Warner I be made executory.
DISCUSSION
A review of the record reveals that respondent has not complied with many of the requirements set forth in his August 4, 2014 probation agreement. Most troubling are the facts that respondent has been ineligible to practice law several times during his probationary period and has had two disciplinary complaints filed against him since we imposed discipline upon him in Warner I. To protect the public, it is necessary to revoke respondent’s probation and impose the previously-deferred suspension. Notably, respondent agrees with this disposition.
Accordingly, we will accept the disciplinary board’s recommendation and grant the motion to revoke respondent’s probation, making the previously-deferred one year *224 and one day suspension imposed in Warner I immediately executory.
DECREE
For the reasons assigned, respondent’s probation is revoked and the previously-deferred one year and one day suspension imposed in In re: Warner, 14-1060 (La. 6/20/14), 140 So.3d 1164, is hereby made immediately executory. All costs and expenses in the matter are assessed against respondent, Channing J. Warner, Louisiana Bar Roll number 29017, in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.